Slip Op. 03- 29

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - x

MITCHELL FOOD PRODUCTS, INC.          :
        formerly
SOUTHERN GOLD CITRUS PRODUCTS, INC.,:

                      Plaintiff, :

            v.                        :    Court No. 94-05-00296

UNITED STATES,                        :

                      Defendant. :

- - - - - - - - - - - - - - - - - - - x

Memorandum & Order

[Upon remand from the Court of Appeals
 for the Federal Circuit, judgment for
 the defendant reaffirmed.]

                              Dated:  March 19, 2003


        Donald F. Beach, Esq. for the plaintiff.

        Robert M. McCallum, Jr., Assistant Attorney General; David
M. Cohen, Director, and Lucius B. Lau, Assistant Director, Com-
mercial Litigation Branch, Civil Division, U.S. Department of
Justice (Henry R. Felix) for the defendant.


        AQUILINO, Judge:  This court's slip opinion 01-43, 25 CIT
___ (April 12, 2001), familiarity with which is presumed, reported
that the trial of plaintiff's complaint herein had left doubt, both
as to standing to actually recover and with regard to the merits of
the claim for recovery.  Whereupon final judgment in favor of the
defendant was entered, dismissing this action for return of
drawback duties.

The plaintiff appealed to the U.S. Court of Appeals for the Federal Circuit, which determined in an opinion not issued for publication to vacate that judgment and remand the matter to "determine both whether Mitchell Food has standing and whether Mitchell Food is the real party in interest."  No. 01-1412, 2002 U.S. App. LEXIS 15475, at *2 (Fed.Cir.  July 30, 2002).

I

Comes now plaintiff's counsel, answering this question in the negative.  That is,

> [t]hrough inadvertence, counsel had misnamed plaintiff as Mitchell Food Products, Inc.  With the summons, a C.I.T. Form 13 was filed as required, indicating Mitchell Food was a wholly owned subsidiary of Packaged Food and Beverage Co. Inc., (PFB) incorporated under the laws of Delaware.  PFB in turn was a wholly owned subsidiary of Philip Morris, Inc.
>
> SG [Southern Gold Citrus Products, Inc.] had already ceased operations when its corporate name was changed, and had been kept *in esse* solely to remain viable to proceed against Customs and remain viable to the conclusion of the litigation.  The inadvertent misnaming resulted from a misunderstanding with the now retired CEO and Chief Counsel of PFB.  Counsel concluded SG's name had been changed to Mitchell <u>Food</u>, as opposed to Mitchell <u>Citrus</u>, as he was first informed.  . . .
>
> As soon as the opinion of the CAFC was issued, counsel made inquiries to Philip Morris Corporation and deduced that Mitchell Citrus Products, Inc. was in fact a Florida Corporation.  The original notice to Customs, made part of the complaint, had been correct, i.e. Mitchell <u>Citrus</u>.

Memorandum of Law in Support of Plaintiff's [] Remand Motion, pp. 2-3 (underscoring in original).  Counsel's affidavit, plaintiff's exhibit A, and the accompanying certification of the Florida De-

partment of State, plaintiff's exhibit C, lend support to this representation.  Whereupon plaintiff's motion prays that its summons and complaint be amended to reflect and confirm that Mitchell Citrus Products, Inc., as successor to Southern Gold Citrus Products, Inc., is the real party in interest and has standing to prosecute this action.  The motion represents, among other things, that "no omissions of entries on the protests filed by the wronged corporate party"[1] are involved, that the "plaintiff does not wish to assert a different ground for recovery"[2] and that "correction of plaintiff's name in this case will require no new discovery, no new trial, and no inordinate delay."[3]

Given these conditions, and claiming to have reviewed plaintiff's lengthy submission, the defendant has responded that it does not object to plaintiff's proposed amendment to its pleadings. That is,

> we are satisfied with plaintiff's showing that Mitchell Citrus is the legal successor to Southern Gold and is the real party in interest with standing to prosecute this suit.

Defendant's Response to Plaintiff's Motion to Amend its Pleading and Summons, p. 1 (March 17, 2003).

---

[1] Memorandum of Law in Support of Plaintiff's [] Remand Motion, p. 23.

[2] Id. at 11.

[3] Id. at 18.

II

The court concurs in this assessment.  Plaintiff's Motion to Amend its Pleading and Summons by Substitution of its Correct Name, Mitchell Citrus Products, Inc., and To Have This Court Find the Latter Named Corporation Is Successor to Southern Gold Citrus Products, Inc. and Is Thereby the Real Party in Interest With Standing to Sue therefore can be, and it hereby is, granted.  There being, however, no other relief requested or required under the circumstances, this court's judgment dated April 12, 2001 and entered pursuant to slip opinion 01-43, 25 CIT ____ (April 12, 2001), must be, and it hereby is, reaffirmed.

So ordered.

Dated:  New York, New York
        March 19, 2003


                          _____
                                       Judge